UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON OLSON, | Civil No. 11-1596 (ADM/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES SOCIAL SECURITY DEPARTMENT, | |
| Defendant. | |

Plaintiff commenced this action on June 17, 2011, by filing a pro se civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined those submissions, and found that Plaintiff's complaint was defective, and his IFP application was incomplete. Plaintiff was therefore informed that his IFP application would be "denied without prejudice." (Order dated June 30, 2011; [Docket No. 4].) Plaintiff was given an opportunity to file an amended complaint, and to either (a) file an amended IFP application, or (b) pay the $350 filing fee for this action. (Id.) Plaintiff was advised that if he did not submit both an amended complaint, and an amended IFP application, (or the $350 filing fee), by July 20, 2011, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). (Id.)

The deadline for complying with the Court's prior order in this case has now passed, and Plaintiff has not satisfied either of the requirements of that order. Furthermore, Plaintiff has offered no explanation or excuse for his failure to comply with the prior order. Indeed,

Plaintiff has not communicated with the Court at all since that order was entered.[1]

Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending "Motion and Notice of Motion for Injunctive Relief and Declaratory Order," (see n. 1, supra), be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Motion and Notice of Motion for Injunctive Relief and Declaratory Order," (Docket No. 5), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 4, 2011                          s/ Tony N. Leung
                                               TONY N. LEUNG
                                               United States Magistrate Judge

---

[1] On July 5, 2011, the Court received a submission from Plaintiff entitled "Motion and Notice of Motion for Injunctive Relief and Declaratory Order."  (Docket No. 5.) However, that document was executed on June 30, 2011, which was before the Court's prior order was filed, and it therefore fails to address the defects identified in that order.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before <u>August 19, 2011</u>.