**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Aaron Olson,

        Plaintiff,

  v.                                                                             **ORDER**
                                                                                   Civil No. 11-1596 ADM/TNL
Commissioner of the United States
Social Security Administration,

        Defendant.

_____

Vincent J. Moccio, Esq., Robins Kaplan Miller & Ciresi LLP, on behalf of Plaintiff.
_____

      This matter is before the undersigned United States District Judge for a ruling on Plaintiff Aaron Olson's ("Olson") Objection to 8/4/11 Report and Recommendation & Motion to Vacate or Modify 6/30/11 Order [Docket Nos. 7 & 8] (the "Objection") to Magistrate Judge Tony N. Leung's August 4, 2011 Report and Recommendation [Docket No. 6] (the "R&R"). In the R&R, Judge Leung recommends dismissing the Complaint [Docket No. 1] and denying as moot Olson's Motion and Notice of Motion for Injunctive Relief and Declaratory Order [Docket No. 5] (the "Motion for Injunctive Relief"). Furthermore, in the time since the Objection was filed, Olson has filed a Petition for Restraining Order [Docket No. 9] (the "Motion for TRO") and an Application to Proceed In Forma Pauperis in District Court [Docket No. 10] (the "Second IFP Application"). For the reasons set forth below, the Objection is overruled as moot, the Motion for Injunctive Relief is denied, the Motion for TRO is denied, and the Second IFP Application is granted.

      On June 17, 2011, Olson initiated this action by filing a single-page pro se Complaint

against the U.S. Social Security Department.  The Complaint was severely deficient on its face, purporting to assert claims for negligence, intentional infliction of emotional distress, and "violation of Fourth Amendment to the United States Constitution," but consisting of only three paragraphs of substance.  That same day Olson filed a Petition to Proceed in Forma Pauperis [Docket No. 2] (the "First IFP Application"), consisting of a single paragraph that stated "Plaintiff/Petitioner has been determined by federal court order to receive Social Security, Supplemental Security Income (SSI), and meets all eligibility requirements."

On June 30, 2011, Judge Leung issued an Order [Docket No. 4], noting the facial deficiencies in Olson's Complaint and the First IFP Application, denying the First IFP Application without prejudice, and allowing Olson until July 20, 2011, to file an Amended Complaint and to either pay his filing fee or file an Amended IFP Application.  The next day, by letter dated July 1, 2011 [Docket No. 3], Judge Leung informed Olson that his case was being referred to the *Pro Se* Project, a pro bono legal services program, and that he should contact the program coordinator should he wish to participate in the program.

The July 20, 2011 deadline passed with the only filing by Olson being the Motion for Injunctive Relief seeking an order directing the U.S. Social Security Department release benefits Olson avers are owed to him.  On August 4, 2011, Judge Leung issued the R&R, recommending the Complaint be dismissed with prejudice for failure to prosecute and the Motion for Injunctive Relief be denied as moot.  On August 15, 2011, Olson filed his Objection.

On August 23, 2011, the Court received an email communication from the coordinator of the *Pro Se* Project informing the Court that Olson may be participating in the program.  On August 24, 2011, Olson filed another motion, the Motion for a TRO, which seeks again to

reinstate his social security benefits, and filed the Second IFP Application. On September 9, 2011, a Notice of Appearance [Docket No. 11] was filed by Vincent J. Moccio, Esq., on behalf of Olson. On October 31, 2011, an Amended Complaint [Docket No. 13] followed.

In light of the circumstances, the Court will allow the filing of the Amended Complaint, rendering the R&R and Objection moot. The Motion for Injunctive Relief and Motion for TRO are denied–Olson has not demonstrated any probability of success on the merits, as required for preliminary injunctive relief. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Finally, the Court has reviewed the Second IFP Application and grants Olson's request to proceed *in forma pauperis*.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Olson's Objection to 8/4/11 Report and Recommendation & Motion to Vacate or Modify 6/30/11 Order [Docket Nos. 7 & 8] is **OVERRULED** and **DENIED** as moot;

2. Olson's Motion and Notice of Motion for Injunctive Relief and Declaratory Order [Docket No. 5] is **DENIED**;

3. Olson's Petition for Restraining Order [Docket No. 9] is **DENIED**; and

4. Olson's Application to Proceed In Forma Pauperis in District Court [Docket No. 10] is **GRANTED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 11, 2011.